FILED
U.S. DISTRICT COURT

2006 OCT 23 A 10: 48

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES FRANKLIN STRICKLAND,

Plaintiff,

v.                                                                     CIVIL ACTION NO.: CV506-054

RONNIE H. McQUAIG; DANNY
CHRISTMAS; Chief CADEY;
Major ROYAL; Lt. GUINN; Lt. RYALS;
Sgt. SMART; Sgt. BLUE; Sgt.
HENDERSON; Sgt. PRESTON;
Cpl. DOE, and Cpl. SHULMAN,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement at Ware County Jail. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he and other inmates at Ware County Jail are discriminated against in that inmates who are classified as "trustees" receive privileges and benefits that Plaintiff and those similarly situated do not. Specifically, Plaintiff contends that "trustee" inmates are allowed to use tobacco products despite Ware County Jail being a "tobacco free facility." Plaintiff contends that his classification amounts to unfair treatment and that it constitutes discrimination in violation of his constitutional rights.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." <u>Jones v. Ray</u>, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has failed to demonstrate that Defendants classified or treated him differently than

2

similarly situated inmates (i.e., those in general population). Thus, Plaintiff is not entitled to relief on this claim.

Additionally, a "claim alleging a denial of . . . due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff fails to prove at least the third of these prongs, as he was able to file grievances, as well as the instant cause of action, concerning the events about which he complains. Thus, Plaintiff has failed to show that his due process rights were violated.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 23 day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)